IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**KENDRICK DARNELL FRAZIER**                                             **PLAINTIFF**

**v.**                                                          **CAUSE NO. 1:24-cv-00111-LG-BWR**

**BURL CAIN**                                                                 **DEFENDANT**

## ORDER OF DISMISSAL FOR LACK OF PROSECUTION

**THIS MATTER IS BEFORE THE COURT** *sua sponte*. *Pro se* Plaintiff Kendrick Darnell Frazier brings this Complaint under 42 U.S.C. § 1983, alleging violations of his constitutional rights during his incarceration at the George/Greene County Correctional Facility in Lucedale, Mississippi. (Compl. at 4-5, ECF No. 1). Plaintiff names Commissioner Burl Cain as Defendant, (*id*. at 1-2), and he is proceeding *in forma pauperis*, (Order, ECF No. 11).

On September 17, 2024, while screening this case under the Prison Litigation Reform Act, 28 U.S.C. § 1915, *et seq.*, the Court ordered Plaintiff to file a written response to answer a series of questions that will aid the Court in assessing his claims. (Order at 2, ECF No. 12). As relevant here, Plaintiff was asked to advise the Court whether he wants to name Officer Bowens and Officer Hayes as Defendants herein. (*Id*.) Plaintiff was warned that "[f]ailure to advise the Court of a change of address or failure to timely comply with any order of the Court . . . may result in this lawsuit being dismissed without prejudice and without further notice." (*Id*.)

On October 4, 2024, Plaintiff filed a Motion to Amend, asking the Court "to include the Defendant perpetrators of excessive use of illegal force by assaulting Plaintiff," (Mot. at 1, ECF No. 13), but he did not specify the names of these alleged perpetrators. Because Plaintiff is proceeding *pro se*, he was given an extension of time within which to respond. (Order, ECF No. 14). On October 17, 2024, Plaintiff was ordered "on or before October 31, 2024, . . . [to] file a written response to clarify whether he wants to name Officer Bowens and Officer Hayes as Defendants herein." (*Id.* at 1). Plaintiff was warned again that "[f]ailure to advise the Court of a change of address or failure to timely comply with any order of the Court . . . may result in this lawsuit being dismissed without prejudice and without further notice." (*Id.*) That Order was mailed to Plaintiff at his last-known mailing address, and it was not returned to the Court as undeliverable. Plaintiff did not comply with the Court's Order by the October 31 deadline.

On November 8, 2024, the Court ordered Plaintiff to show cause why this case should not be dismissed for his failure to comply with the Court's Order. (Order to Show Cause, ECF No. 15). His responsive deadline was extended to November 22, 2024, and he was warned again "[t]hat failure to timely comply with the requirements of this Order or to advise the Court of a change of address . . . will result in this lawsuit being dismissed without prejudice and without further notice to him." (*Id.* at 2). The Order to Show Cause, with a copy of the Court's September 17 and October 17 Orders, was mailed to Plaintiff at his last-known mailing

2

address, and it was returned to the Court as undeliverable. (Envelope, ECF No. 16). Plaintiff did not comply with the Court's Order by the November 22 deadline.

The Court entered a Second and Final Order to Show Cause on December 6, 2024. (Second and Final Order to Show Cause, ECF No. 17). The Court extended Plaintiff's responsive deadline to December 20, 2024, and warned him again "[t]hat failure to timely comply with the requirements of this Order or to advise the Court of a change of address . . . ***will result*** in this lawsuit being dismissed without prejudice and without further notice to him." (*Id.* at 3 (emphasis in original)). Plaintiff was cautioned that this was his "final opportunity" to comply with the Court's Orders. (*Id.*). The Second and Final Order to Show Cause, with a copy of the Court's September 17, October 17, and November 8 Orders, was mailed to Plaintiff at his last-known mailing address, and it was not returned to the Court as undeliverable. Plaintiff did not comply with the Second and Final Order to Show Cause by the December 20 deadline, nor has he notified the Court about a change of address.

The Court may dismiss an action for a plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b) and the Court's "inherent power . . . to manage [its] own affairs." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (quotation omitted); *see also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendar "of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630-31.

3

Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629–30.

This record reflects that lesser sanctions than dismissal have not prompted "diligent prosecution" but have instead "proved to be futile." *See Tello v. Comm'r*, 410 F.3d 743, 744 (5th Cir. 2005) (quoting *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)). Plaintiff did not comply with four Court Orders, after being warned ten times that failing to do so may lead to the dismissal of this case. (Order at 2, ECF No. 3; Order to Show Cause at 2, ECF No. 4; Order at 2, ECF No. 6; Order to Show Cause at 2, ECF No. 8; Second and Final Order to Show Cause at 3, ECF No. 9; Order Setting Payment Schedule at 3, ECF No. 11; Order Requiring Plaintiff to Respond at 2, ECF No. 12; Order Granting Extension of Time Within Which to Respond at 1, ECF No. 14; Order to Show Cause at 2, ECF No. 15; Second and Final Order to Show Cause at 3, ECF No. 17). Despite these warnings, Plaintiff has not contacted the Court or taken any action in this case since October 4, 2024.

Given his clear record of delay and contumacious conduct, it is apparent that Plaintiff no longer wishes to pursue this lawsuit. Dismissal without prejudice is warranted. *See, e.g., Rice v. Doe*, 306 F. App'x 144, 146 (5th Cir. 2009) (affirming *sua sponte* dismissal of *pro se* prisoner case for failure to comply with district court's order).

**IT IS THEREFORE ORDERED AND ADJUDGED** that this civil action is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED AND ADJUDGED** this the 3rd day of January, 2025.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE